Tuelev, J.
delivered the opinion of the court.
This writ of error is'brought to reverse a judgment rendered in the circuit court of Williamson, on motion, in'favor of James C. Owen against Peter Owen. The judgment shows, that Herbert Owen, James C. Owen and Peter Owen drew a joint bill of exchange on Messrs. Yeatman & Co., Commission Merchants, New Orleans, in favor of J. &R. Yeatman, at Nashville; that suit was brought thereon in favor of the President, Direct *326 ors & Co. of the Union Bank of Tennessee, against Herbert Owen and James C. Owen, and judgment rendered in the circuit court of Williamson, on the 16th day of .November, 1841, against them for the sum of $1990 13 debt, and $9 72 cost, which has been paid by the said James C. Owen. That a jury was empannelled,' who found and so returned the fact, that Jas. C. Owen and Peter Owen, drew said bill of exchange as securities of Herbert Owen. Upon which the circuit court gave the judgment on motion against Peter Owen in 'favor of James C. Owen, for one-half of the judgment paid as above by James C. Owen.
This motion is made under the 3d section of the. act of 1809, ch. 69, which provides, that in all cases, “where there are two or more securities in any note, bill, bond or obligation for the payment of money or for the delivery of specific articles, and judgment has been rendered only against a part of the securities, or the money has been paid by one or more, or each has not paid his rateable part of said judgment, it shall and may be lawful for each security or securities, on motion, to have judgment and execution over against his co-surety or sureties, for their respective shares and portions.” ■
Now, the question is, does this statute cover the case of a joint' bill of exchange, and warrant a judgment in favor of one drawer against a co-dr.awer, upon the principle that they were surety drawers. And we think it does not. The words are., “in any note, bill, bond or obligation.” These words all have legal meanings, and in the construction of a statute using them, such meaning must be given. Note, means a promissory note for the absolute payment of money, not under seal. Bill, a note for the same thing, under seal. Bonds and obligations, contracts under seal with collateral conditions for the delivery of specific articles. Bills of exchange are not then embraced within the provisions of the statute, and no judgment on .motion can be rendered under it upon them.
That this construction is right, will, we think, appear from a reference to some other statutes, where the same words are used. The act of 1786, chap. 4, makes all bills, bonds or notes for money, as well those with seal as those without seal, nego- *327 liable. By the word bills as used in the statute, they could not have meant bills of exchange, for they had long been negotiable by the custom of merchants, and required no statute to malee them negotiable, but not so with bills single, which were now for the first time made negotiable.
The act of 1762, ch. 9, makes promissory notes-negotiable, as bills of exchange are by the custom of merchants, which shows that it was known that a statute was not necessary to make bills of exchange negotiable; which tends to show, that by the use of the word bills in the act of 1786, bills of exchange were not meant, and so we think of the act of 1S09. Judgment reversed.